IN RE GUARDIANSHIP OF KOWALKE.

(No. 987—Decided December 20, 1946.)

*Mr. Frank Wiedemann* and *Mr. John Watters,* for appellant.

*Messrs. Moloney & Kelly* and *Mr. William P. Moloney,* for appellee.

GUERNSEY, J. This is an appeal on questions of law, by Waldo V. Grover from an order of the Probate Court of Marion county, removing him as guardian of the person and estate of Mary Kowalke, an incompetent.

In September 1945, Clara A. Kowalke died, leaving an estate consisting of both real and personal property amounting to approximately $37,000, and leaving a paper writing purporting to be her last will and testament.

Except for minor bequests appearing in other items of the purported will, the estate is disposed of in item 10 thereof, which reads as follows:

"In the event that my sister, Mary Kowalke, is living at the time of my decease, I give, devise and bequeath to Waldo V. Grover of the city of Marion, Ohio, all the rest and residue of my estate, to be held in trust, however, by him for the benefit of and to pay the comfortable living expenses of my sister, Mary Kowalke, so long as she may live, and I direct that the said Waldo V. Grover be and he is hereby authorized to convert any of my real estate or personal property which I may own at the time of my decease, into cash,

and to deposit same in a solvent building and loan company or bank if in his opinion he deems it to be for the best interests of said trust estate, and I further authorize the said trustee, Waldo V. Grover, to make due and proper expenditures out of the principal of said trust if that is necessary for the benefit of my said sister, Mary Kowalke, during her lifetime and to pay all of her necessary expenses and at her death to pay her expenses of last sickness and funeral expenses out of said trust estate. I further authorize the said Waldo V. Grover to do all things legally necessary to carry out my intentions to provide for the comfortable living expenses of my sister during her lifetime and to effect the purposes of the trust hereby created for the benefit of my said sister, Mary Kowalke.

"Upon the death of my said sister, Mary Kowalke, it is my will that said trust shall terminate and I give, devise and bequeath to Waldo V. Grover, Garnette Grover, his wife, and Virginia Grover, his daughter, all of the remainder and residue of said trust estate, including, cash, personal property, and real estate, to be theirs absolutely and in fee simple forever."

The purported will was admitted to probate by the Probate Court of Marion county on October 8, 1945.

There are no next of kin of Clara A. Kowalke, deceased, other than Mary Kowalke, except a second cousin, Albertha C. Terpany, who lives in the state of Washington.

An application was filed for the appointment of Waldo V. Grover, designated as testamentary trustee, and also designated as one of the residuary devisees and legatees in item 10 of the purported will, as guardian of the person and estate of Mary Kowalke, and pursuant to such application he was appointed as such guardian on October 15, 1945.

On March 23, 1946, an application for the removal of Waldo V. Grover as guardian of the person and estate of Mary Kowalke, on the ground that he possessed rights and interests adverse to the ward, namely, that he would not bring a will contest case because it would adversely affect the interests of himself and his family, was filed by Albertha C. Terpany, the second cousin of Clara A. Kowalke, deceased, and Mary Kowalke.

On April 3, 1946, a hearing was held in the Probate Court on the application, and upon the hearing the court, on the same day, ordered the removal of Waldo V. Grover as guardian, upon such ground.

The existence of interests of a guardian adverse to those of the ward is a sufficient ground for the removal of the guardian. 39 Corpus Juris Secundum, 65, 66, Guardian and Ward, Section 45. See, also, *In re Wiener, Gdn.,* 31 N. P. (N. S.), 448.

The question raised by this appeal, therefore, is whether such conflicting interests exist warranting the removal of Waldo V. Grover as such guardian.

Although she had been declared an incompetent, Mary Kowalke had the same legal right to inherit and transmit by inheritance, as any other person.

In order to preserve those rights it is, within the meaning of Section 10507-15, General Code, "for the best interests of the ward" where reasonable grounds for contest exist, to contest any will under which the ward receives substantially less than he or she would receive as an heir-at-law had there been no will.

That is true irrespective of whether the ward, in a case such as the instant case, would receive comfortable living expenses, medical and other necessary care under such will.

It is the duty of the guardian to determine whether reasonable grounds exist for such contest and if he

determines they do exist, to institute and maintain such contest on behalf of his ward.

In making that determination and instituting and maintaining such contest it is absolutely essential that the guardian has no interest adverse to his ward which may influence his determination or the institution or maintenance of such proceedings.

As shown by the evidence in this case, Mary Kowalke will receive substantially less under the will of her sister than she would receive as her sole heir-at-law if there had been no will, and consequently it was the duty of Waldo V. Grover as her guardian, to determine whether reasonable grounds for contest existed and if so to institute and maintain such contest.

As Waldo V. Grover, his wife and his daughter are to receive a very substantial part of the estate as the residuary beneficiaries under the terms of the will, and such contest, if successful, would deprive him and them of such benefits, his interests are wholly adverse to the interests of the ward, Mary Kowalke, in determining whether reasonable grounds for contest existed, and in instituting and maintaining such contest, and for that reason the Probate Court did not err in removing him as guardian.

The order of the Probate Court is, therefore, affirmed at the costs of the appellant, Waldo V. Grover.

*Order affirmed.*

MIDDLETON, P. J., and JACKSON, J., concur.